UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>NUCOR CORPORATION,<br><br>    Defendant-Intervenor. | Court No. 21-00304 |

### DEFENDANT'S MOTION FOR VOLUNTARY REMAND AND TO STAY FILING OF RULE 56.2 BRIEF

Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court remand the Department of Commerce's (Commerce) final determination in *Certain Corrosion-Resistant Steel Products from the Republic of Korea: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018*, 86 Fed. Reg. 29,237 (Dep't of Commerce June 1, 2021) (Final Results), (Appx01080-01082),

and accompanying Issues and Decision Memorandum, (Appx01037-01079). We respectfully request a voluntary remand for Commerce to reconsider or further explain Commerce's decision to countervail the Reduction for Sewerage Fees program for Hyundai Steel Company (Hyundai Steel). Because this issue is central to two of the three claims in plaintiff's complaint, the voluntary remand has the potential to affect a majority of the issues challenged; consequently, defendant requests that the filing of parties' Rule 56.2 briefs be stayed in their entirety pending resolution of the voluntary remand.[1]

Counsel for defendant has conferred with counsel for Hyundai Steel and Nucor Corporation (Nucor). Hyundai Steel consents to our motion and Nucor takes no position.

## BACKGROUND

Plaintiff, Hyundai Steel, is challenging Commerce's final determination in the 2018 countervailing duty administrative review of certain corrosion-resistant steel products (CORE) from Korea that

---

[1] This Court recently granted Commerce's motion for voluntary remand on the same issue and stayed briefing pending Commerce's remand redetermination in *Hyundai Steel Co. v. United States*, No. 21-0012.

the Reduction for Sewerage Fees program is countervailable. Specifically, plaintiff challenges Commerce's determinations that it received: (i) a financial contribution from the government of Korea in connection with its payment of sewerage fees; and (ii) a countervailable benefit from the government of Korea in connection with its payment of sewerage fees. ECF No. 9 (Hyundai Steel Complaint) at 12.

Defendant respectfully requests a voluntary remand, without confession of error, for Commerce to reconsider its position on the countervailability of the Reduction for Sewerage Fees program, the program that is the focus of Hyundai Steel's complaint.

Recently, Commerce requested and was granted a voluntary remand by this Court in *Hyundai Steel Company v. United States,* No. 21-00012, to reconsider Hyundai Steel's reduction for sewerage fees from the government of Korea. *See Hyundai Steel Co. v. United States*, No. 21-00012 (ECF Nos. 36, 37). As a result of an increased understanding of this program as discussed below, and in line with case No. 21-00012 above, Commerce requests a voluntary remand here so that it can reconsider the record evidence and its decision to countervail

Hyundai Steel's use of the program in the 2018 administrative review of CORE from Korea.

## ARGUMENT

We respectfully request that the Court remand the final results to Commerce. An agency may ask the Court to remand a matter, without confessing error, so that Commerce may consider its prior position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). The Federal Circuit in *SKF USA* identified multiple scenarios in which an agency may seek a remand which include, among others: (a) to reconsider its decision because of intervening events outside of the agency's control; (b) in the absence of an intervening event, the agency may request a remand, without confessing error, to reconsider its previous position; and (c) because it believes that its original decision was incorrect on the merits and it wishes to change the result. *Id.* at 1028.

Although the Court possesses discretion whether to grant a remand in such circumstances—for example, "[a] remand may be refused if the agency's request is frivolous or in bad faith"—"if the agency's concern is substantial and legitimate, a remand is usually

4

appropriate." *Id.* at 1029.  Notably, in *SKF USA*, the Federal Circuit held that the lower court had abused its discretion in denying the Government's motion for voluntary remand.  *See id.* at 1030.  In short, the Federal Circuit established the standard for the Court to decide motions for voluntary remand in an action such as this one.  This standard affirms that an agency's power to make an administrative determination contains within it the power to reconsider that decision, as appropriate.  *See United States v. Sioux Tribe*, 616 F.2d 485, 493 (Ct. Cl. 1980) ("It is a well-established principle that an administrative agency may reconsider its own decisions.  'The power to reconsider is inherent in the power to decide.'" (citation omitted)).

A voluntary remand to an agency is generally appropriate if the agency's concern is substantial and legitimate.  *Id.* at 1029; *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010); *Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1338 (Ct. Int'l Trade 2005) (granting a request for voluntary remand and recognizing the "presumption of governmental

5

good faith" absent "'well-nigh irrefragable proof' of bad faith."). "{C}oncerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013). Likewise, clarifying and correcting a potentially inaccurate determination is a compelling justification for voluntary remand. *Id.*

Moreover, when the agency seeks remand to correct a mistake or address some other substantial and legitimate concern, it is appropriate for a court to defer to the agency whose expertise consists of administering the statute. *Gleason Indus. Prods., Inc. v. United States*, 31 C.I.T. 393, 396 (2007); *see also Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) ("We commonly grant such motions {for voluntary remand}, preferring to allow agencies to cure their own mistakes rather than wasting the court's and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.").

In the final results for the 2018 administrative review of CORE from Korea, Commerce determined, among other things, that Hyundai

6

Steel's reduction for sewerage fees from the government of Korea constituted a countervailable subsidy because the fee reduction qualified as a financial contribution within the meaning of 19 U.S.C. § 1677(5)(D), was specific within the meaning of 19 U.S.C. § 1677(5A), and conferred a benefit within the meaning of 19 U.S.C. § 1677(5)(E). *See* Appx01063-01065.

Subsequently, in the 2019 administrative review of CTL Plate from Korea, which involved nearly identical facts, Commerce again examined Hyundai Steel's use of the program, resulting in an increased understanding of how Korean law applies to Hyundai Steel's request for a reduction. On remand, Commerce will re-evaluate whether—based on its new understanding of Korean law—Hyundai Steel qualifies for a reduction. In light of its increased understanding of the Reduction for Sewerage Fees program and Korean law, Commerce requested and was granted a voluntary remand to reconsider the countervailability of the program in the 2018 administrative review of CTL Plate from Korea. *See Hyundai Steel Co. v. United States*, No. 21-00012 (ECF Nos. 36, 37). Commerce now requests a voluntary remand in this case to reconsider the countervailability of this program in the 2018

7

administrative review of CORE from Korea to ensure consistency in the treatment of this program across cases.

The Court should exercise its discretion to grant our request because our reasons for seeking remand are "substantial and legitimate." As this Court has held, a remand is appropriate where "(1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber*, 925 F. Supp. 2d at 1339. Each factor is satisfied here. First, the Government has a compelling justification for its request because Commerce wishes to further consider the Reduction for Sewerage Fees program that was countervailed in the final results. Appx01063-01065. Next, the need for finality does not outweigh the justification. A remand to Commerce to further evaluate its decisions may provide the relief plaintiff requested in its complaint with regard to this program. Thus, granting our motion is appropriate because a remand may allow Commerce to "cure the very legal defects asserted by plaintiffs challenging federal action." *Citizens Against the Pellissippi Parkway v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding the district court abused its discretion

by not granting motion for voluntary remand for agency to address error alleged by plaintiff).

Finally, the scope of the request is appropriate because, as explained above, Commerce's understanding of program and the underlying Korean law that governs the Reduction for Sewerage Fees program has increased and, additionally, Commerce is reconsidering the treatment of this program in similar cases before this Court. Because Commerce has a better understanding of the program and how sewerage fees can be reduced in certain circumstances, defendant requests a remand to allow Commerce to reconsider Hyundai Steel's use of the program. Thus, there is a substantial and legitimate justification for this Court to grant a voluntary remand.

Further, our request for a voluntary remand in its entirety is appropriate because of the potential impact of the remanded issue on the claims pending before this Court, most of which relate to the Reduction for Sewerage Fees program. By requesting a voluntary remand in its entirety, however, we do not waive any defenses regarding the administrative review at issue nor any arguments related to the merits of the issues before the Court. *See Tianjin*

*Wanhua Co., Ltd. v. United States*, 253 F. Supp. 3d 1318, 1327-28 (Ct. Int'l Trade 2017).

Should the Court grant the request and determine a remand is warranted, the appropriate action is for the Court to remand to Commerce for further proceedings without directing a particular outcome. *See, e.g., Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003); *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1275 (Fed. Cir. 2012).

Because a voluntary remand, if granted, may preclude the need for further briefing on this issue in plaintiff's complaint, we respectfully request that the Court stay all briefing deadlines pending Commerce's resolution of the remand redetermination. Should the Court grant our request, we respectfully propose that the Court provide 90 days for Commerce to submit its remand redetermination to the Court and allow for comments on the remand redetermination in accordance with Rule 56.2(h) of the Rules of the Court.

## CONCLUSION

For these reasons, we respectfully request that the Court remand this matter to Commerce for further administrative proceedings.

10

Should the Court grant our request, we respectfully request that the Court provide 90 days for Commerce to submit its remand redetermination to the Court to afford Commerce sufficient time to complete the remand redetermination. We also request that briefing under Rule 56.2(a) be stayed pending issuance of the remand determination.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Assistant Director

OF COUNSEL:
AYAT MUJAIS
Attorney
International Office of the Chief
Counsel for Trade Enforcement
& Compliance
U.S. Department of Commerce

/s/ Ann C. Motto
ANN C. MOTTO
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044

January 10, 2022

Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) Court No. 21-00304 |
| Defendant, | ) |
| and | ) |
| NUCOR CORPORATION, | ) |
| Defendant-Intervenor. | ) |

## ORDER

Upon consideration of defendant's motion for a voluntary remand, the administrative record, and all other pertinent papers, it is hereby

ORDERED that defendant's motion for voluntary remand is GRANTED; and it is further

ORDERED that the Department of Commerce shall submit a remand redetermination within 90 days of this Order; and it is further

ORDERED that briefing on plaintiff's complaint is STAYED

12

pending Commerce's remand redetermination.

Dated: _____                    _____

    New York, New York                                         Judge